IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA NEWTON,  ) | 1:07cv01405 AWI DLB |
| ) | |
| ) | ORDER ADOPTING FINDINGS AND |
| ) | RECOMMENDATION |
| Plaintiff,  ) | |
| ) | (Document 27) |
| vs.  ) | |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY,  ) | |
| ) | |
| ) | |
| Defendant.  ) | |
| _____ ) | |

On September 25, 2007, Plaintiff filed the present action for judicial review of the denial of Social Security benefits.

On October 17, 2008, the Magistrate Judge issued Findings and Recommendation that Plaintiff's appeal be denied.  The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days.  Plaintiff filed objections on November 13, 2008.  Petitioner argues that, contrary to the findings and recommendations, the Administrative Law Judge ("ALJ"): (1) improperly concluded that Petitioner's depression was "not severe;" and (2) improperly disregarded the uncontradicted opinion of a treating physician that Petitioner was mentally "mildly impaired."  In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case.

1

1 First, Plaintiff had the burden of establishing that her depression was severe. See Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The evidence shows that Plaintiff has depression, but she does not discuss what impact that depression actually has on her, see Administrative Record ("A.R.") at 317 (testimony from Petitioner that she receives mental or psychiatric help once a month), nor does she challenge the ALJ's conclusion that the depression is controlled by medication. Cf. Warre v. Commissioner of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Further, Dr. Bernstein indicated that Plaintiff had "no mental problems," and an agency reviewing psychiatrist found no mental impairment. A.R. at 181-183, 273. Plaintiff provided insufficient evidence to show that her depression was severe. See 20 C.F.R. §§ 404.1520(c), 404.1521(a).

Second, in assessing the opinions of a physician, an ALJ may consider: whether the opinion is based on or supported by relevant evidence like medical signs or laboratory findings, the explanation provided in support of an opinion, how consistent the opinion is with the record as a whole, how conclusory and unsubstantiated by relevant medical documentation the opinion may be, the presence or absence of findings in support of an opinion, whether there are inconsistent conclusions within the physician's own findings, and whether a conclusion is contradicted by contemporaneous findings. See 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d); Johnson v. Shalala, 60 F.2d 1428, 1432-33 (9th Cir. 1995); Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992); Magallenes v. Bowen, 881 F.2d 747, 757 (9th Cir. 1989). Here, Dr. Bernstein's opinion of a mild mental limitation is based only on a checked box and lacks any meaningful reasoning or analysis.[1] See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996); Magallenes, 881 F.2d at 751. Notably, Dr. Bernstein did not adequately respond to the ALJ's request to him for clarification of his "check box" opinions. See A.R. at 6, 19-20. Also, there is some inconsistency in Dr. Bernstein's

---

[1] Specifically, Dr. Bernstein checked a box marked, "mildly limited" by the section: "the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." A.R. at 272.

2

indication of mild mental impairment because, in the same form that contains this opinion, Dr. Bernstein indicates that Plaintiff had "no mental problems." See A.R. at 271-273. Further, the reviewing psychiatrist (Dr. Evangeline Murillo) found no significant psychiatric, medically determinable impairment. See A.R. at 20, 182-183. Finally, it appears that Dr. Bernstein did not explain what type of physician he is/what his specialties are, whereas the agency reviewing physician was a psychiatrist.[2] See A.R. 20; Andrews v. Shalala, 53 F.3d 1035, 1042 & n.2 (9th Cir. 1996). Combined, these are sufficient reasons for rejecting Dr. Bernstein's "mild mental limitation" opinion. See 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); Andrews, 53 F.3d at 1042 & n.2; Crane, 76 F.3d at 253; Johnson, 60 F.2d at 1432-33; Matney, 981 F.2d at 1020; Magallenes, 881 F.2d at 751, 757.

Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendation is supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations dated October 17, 2008, is ADOPTED IN FULL; and
2. The appeal is DENIED. Judgment shall be entered for Defendant Michael J. Astrue and against Plaintiff Theresa Newton.

IT IS SO ORDERED.

**Dated:   January 30, 2009**              /s/ Anthony W. Ishii
                                           CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In the objections, Petitioner states that it is unclear whether the Dr. Murillo was a psychiatrist. Petitioner made the same argument in her summary judgment motion. In Astrue's opposition, he states that the notation of "37" under the Code section of the social security physician review form (A.R. at 181-183) reflects a medical specialty of psychiatry. Astrue cites "POMS DI 28086.031" as listing medical specialty codes and that a code of "37" indicates psychiatry. The Court has found POMS DI 28086.031 and Astrue is correct, the notation of "37" indicates a psychiatry specialty. POMS ID 28086.031 may be found at https://secure.ssa.gov/apps10/poms.nsf/lnx/0428086031. "POMS" refers to the Social Security Administration's Program Operations Manual System. See Washington State Dept. of Soc. & Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 385 (2002). Further, the ALJ indicated that a psychiatrist reviewed Petitioner's file. See A.R. at 20.